IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHRYN MARKS, | § | No. 1:26-CV-487-DAE |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | |
| TREVOR COLM, | § | |
| Respondent. | § | |
| | § | |

ORDER ADOPTING REPORT AND RECOMMENDATIONS
OF THE MAGISTRATE JUDGE

Before the Court is the Report and Recommendations ("the Report") submitted by United States Magistrate Judge Mark Lane. (Dkt. # 63.) Neither party has objected to the Report. The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** the Report of Magistrate Judge Lane and **GRANTS** Respondent's Motion to Appoint Guardian Ad Litem. (Dkt. # 44.)

PROCEDURAL BACKGROUND

Respondent filed a Motion to Appoint Guardian Ad Litem (the "Motion") on June 15, 2026. (Dkt. # 44.) Petitioner filed her Response thereto on June 22, 2026. (Dkt. # 47.) The Motion to Appoint Guardian Ad Litem was heard before this Court on July 8, 2026. (Dkts. ## 48; 57.) At the time of that hearing,

the parties were scheduled to participate in a second mediation with Magistrate Judge Mark Lane. (Dkt. # 42.) During the hearing on the Motion, this Court granted Respondent's Motion and advised the parties to confer on a Guardian Ad Litem during their mediation with Magistrate Judge Lane. (Dkt. # 57.) During the mediation on July 9, 2026, the parties were able to agree on a Guardian Ad Litem. (Dkts. ## 61; 63.)

Magistrate Judge Lane filed his Report and Recommendations to Appoint a Guardian Ad Litem on July 9, 2026. (Dkt. # 63.) Neither Petitioner nor Respondent have filed any objections to the Report.

## DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds the Magistrate Judge's recommendation that the Court appoint the Guardian Ad Litem agreed upon by the parties, Michelle Fernald, to protect the well-being of the child pending a final evidentiary hearing in this matter is reasonable and absent of clear error. (Dkt. # 63 at 1.) Therefore, the Court determines that the Magistrate Judge's conclusions and recommendations are neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** the Report and Recommendations by the Magistrate Judge as the opinion of the Court. (Dkt. # 63.) Further, the Court **APPOINTS** Michelle Fernald, [3571 Far West Blvd. #92, Austin, TX, 78731; 512-979-5470; michelle@fernaldalc.com] to serve as Guardian Ad Litem for E.R.C.M., the child subject of this suit, to serve as an extension, agent, and arm of this Court in protecting the safety and well-being of the child the subject of this suit with relation to issues of possession and access pending final evidentiary hearing on the petition for return of the child.

It is further **ORDERED** that:

Any custodian of the child shall grant the Guardian Ad Litem immediate access to the child, and to any information relating to the child, and shall fully cooperate with the Guardian Ad Litem.

The parents shall immediately provide their residential address to the Guardian Ad Litem and, in the event of relocation, shall notify the Guardian Ad Litem of their new address within 48 hours of relocation to a new residence.

The custodian of any relevant records relating to a child, including records regarding social services, law enforcement records, school records, records of a probate or court proceeding, and records of a trust or account for which the child is beneficiary, shall provide immediate access to the records to Guardian Ad Litem without requiring a further order or release.

The custodian of a medical, mental health, or drug- or alcohol-treatment record of a child that is privileged or confidential under other law shall release the record to Guardian Ad Litem <u>without requiring further order or release</u>, except that a child's drug- or alcohol-treatment record that is confidential under 42 U.S.C. section 290dd-2 shall be released only as provided under applicable federal regulations.

Kathryn Marks and Trevor Colm are hereby **ORDERED** to sign any and all releases of information relative to the child or the parties in this case, as requested by the Guardian Ad Litem, within seven (7) days of the request.

The Guardian Ad Litem is hereby **ORDERED** to perform the following duties in this case with regard to the child subject of this suit:

1. within a reasonable time after the appointment, interview—
   a. the child in a developmentally appropriate manner, if the child is four years of age or older;
   b. each person who has significant knowledge of the child's history and condition including, but not limited to, therapists, educators, child welfare service providers, and any foster parent of the child; and
   c. the parties to the suit;
2. visit and inspect the residences of each parent;

3. encourage settlement and the use of alternative forms of dispute resolution;

4. perform any specific task directed by the Court;

5. review the medical and mental health care provided to the child;

6. investigate the facts of the case related to issues of visitation to the extent the Guardian Ad Litem considers appropriate;

7. file with the Court a written report regarding possession of and access to the child within 30 days of this Order and a subsequent report every 30 days thereafter, with each such report containing recommendations regarding issues of possession and access and the bases for those recommendations. The reports shall be filed as sealed documents with the clerk.

8. take any action consistent with the child's interests that the Guardian Ad Litem considers necessary to expedite the proceedings regarding interim issues of possession and access;

9. protect the confidentiality of all records provided to Guardian Ad Litem under this Order and not disclose any such records except as provided by further order of the Court or other law.

It is further **ORDERED** that the Guardian Ad Litem is expressly authorized to make recommendations regarding possession and access pending final evidentiary hearing on the petition for return of the child. The Guardian Ad Litem shall have an opportunity to testify regarding their reports submitted to the Court and is permitted to submit a summary report regarding: 1) the Guardian Ad Litem's recommendations relating to possession and access by Petitioner, Kathryn Marks, pending a final evidentiary hearing; and 2) the bases for the Guardian Ad Litem's recommendations.

It is further **ORDERED** that the Guardian Ad Litem provide copies of any and all of their reports to counsel for the parties and *pro se* parties.

It is further **ORDERED** that that Guardian Ad Litem shall have all the rights to:

1. receive a copy of each pleading or other paper filed with the Court in this case regarding interim orders for visitation;
2. receive notice of each hearing in the case regarding interim visitation;
3. attend all legal proceedings in the case regarding interim visitation, but the Guardian Ad Litem may not call or question a witness or otherwise provide legal services;
4. review and sign, or decline to sign, an agreed order affecting the visitation with the child pending a final evidentiary hearing;

5. explain the basis for the Guardian Ad Litem's opposition to the agreed order if a Guardian Ad Litem does not agree to the terms of a proposed order regarding interim visitation; and

6. attend court-ordered mediation regarding the child's case.

The Guardian Ad Litem shall be required to attend only those court hearings, mediations, and settlement conferences regarding issues of interim visitation pending a final evidentiary hearing on the petition for return of the child. The Court may compel the Guardian Ad Litem to attend a hearing and to testify as necessary for the proper disposition of the suit without the need for a subpoena.

The Court **FINDS** that the Guardian Ad Litem is entitled to reasonable compensation. **IT IS ORDERED** that Trevor Colm shall be responsible for the fees for the Guardian Ad Litem. Trevor Colm shall timely pay each invoice presented by the Guardian Ad Litem within seven days of receipt.

The Court reserves the right to make further orders regarding the Guardian Ad Litem duties and responsibilities, as well as payment of Guardian Ad Litem fees as deemed necessary by the Court.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, July 31, 2026.

David Alan Ezra
Senior United States District Judge